UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                         CASE NO.: 14-19698-BKC-RAM
                                                                                Chapter 7

**RONNY A GONZALEZ**
SSN: XXX-XX-9135
**SYLVIA M VIYELLA**
SSN: XXX-XX-0472

_____Debtors._____/

**TRUSTEE, JOEL L. TABAS' MOTION TO ENTRY OF ORDER (1) APPROVING PROPOSED PRIVATE SALE OF ESTATE'S RIGHT, TITLE AND INTEREST IN NON-EXEMPT REAL PROPERTIES; (2) AUTHORIZING PAYMENT TO CO-OWNER; AND (3) GRANTING ADDITIONAL RELIEF**

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Ronny A. Gonzalez and Sylvia M. Viyella (the "Trustee"), through counsel and pursuant to 11 U.S.C. §§ 105 and 363, Federal Rule of Bankruptcy Procedure 2002 and 6004, and Local Rule 6004-1, files this Motion to Entry of Order (1) Approving Proposed Private Sale of Estate's Right, Tile and Interest in Non-Exempt Real Properties; (2) Authorizing Payment to Co-Owner; and (3) Granting Additional Relief (the "Motion"), and as good cause for same, states as follows:

### I. Jurisdiction and Venue

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). This Court has the Constitutional authority to grant the requested relief.

3.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. Procedural and Factual Background

4.     This case commenced on April 29, 2014 (The "Petition Date") with the filing a voluntary Chapter 7 bankruptcy petition [ECF No. 1] (the "Petition") by the Debtors, Ronny

A. Gonzalez ("Debtor Husband") and Sylvia M. Viyella ("Debtor Wife") (collectively referred herein as the "Debtors").  Shortly thereafter, Joel L. Tabas was appointed as Chapter 7 trustee of the Debtors' bankruptcy estate (the "Estate" or the "Bankruptcy Estate").

5. The Debtors' Schedule "A" [ECF 14] lists the Debtor Wife's 50% interest in the following real property:

    (a) 30 52 42 .312 AC M/L
    S ½ of NW ¼ of NW ¼ of SE ¼ of NW ¼ of NW ¼
    Lot Size 13590 Square Feet
    OR 26367-0235 05 2008 5(4)
    F/A/U 3022300000151

    (b) 30 52 42 .61  AC M/L
    E 192 ft. of N ½ of SW ¼ of NW ¼ of NW ¼ Less Canal
    Lot Size 26730 Square Feet
    COC 26367-235 05 2008 5(4)
    F/A/U 3022300000301

    (c) 30 52 42 .28 AC M/L
    S 75 ft. of N 154 ft. of E 161.87 ft. of S ¾ of SW ¼ of NW ¼ of NW ¼
    Lot Size 12197 Square Feet
    COC 26367-0235 05 2008 5(4)
    F/A/U 3022300000312

In addition, the Debtor Wife also possesses a 50% interest in the following non-exempt real property inadvertently omitted from the Debtors' Schedule "A":

    (d) 30 52 42 .29 AC
    N 79 ft. of E 161.87 ft. of S ¾ of SW ¼ of NW ¼ of NW ¼
    Lot Size 12632 Square Feet
    COC 26367-235 05 2008 5(4)
    F/A/U 3022300000310

Items (a) through (d) shall collectively be referred to as the "Real Properties."

6. The Debtors' Schedule "A" indicates the Debtors' intention to surrender their interest in the Real Properties and the Real Properties are not claimed as exempt on the Debtors' Amended Schedule "C" [ECF 35].

7. The Debtors' Schedule "D" [ECF 1] further reflects that the Real Properties are not encumbered by any liens or mortgages.

8.   The Estate possesses a joint-interest in the Real Properties with non-debtor party, Julio Viyella ("Viyella"). Viyella has no objection to the sale of the Real Properties. As such, the Sale Motion contemplates the sale of one-hundred percent of the interest in the Real Properties and payment to Viyella of fifty percent (50%) of the net proceeds as authorized herein and pursuant to 11 U.S.C. § 363(h).

### III.  The Proposed Sale

9.   Honos Holdings, LLC (the "Proposed Buyer") has offered to purchase the Estate's right, title and interest in the Real Properties for $80,000.00 in cleared funds (the "Purchase Price"), "AS IS, WHERE IS," with no representations or warranties of any types being given by the Trustee or his professionals, and subject to all liens, claims, encumbrances, interests and defenses, whether known or unknown (the "Offer"). The Offer is conditioned upon entry of a final, non-appealable order granting the instant Motion and approving the proposed sale (the "Approval Order").

10.  In light of, among other things, current market conditions for vacant lots and in order to monetize the Estate's interest in the Real Properties, the Trustee has accepted the Offer, subject to: (a) this Court's approval; (b) higher and better offers as required by 11 U.S.C. § 363; and (c) the terms and conditions set forth in this Motion,[1] which has been reviewed and approved as to form and substance by the Proposed Buyer and Viyella.

11.  Upon the filing of this Motion, the Proposed Buyer will tender to the Trustee a $5,000.00 deposit, which shall be non-refundable unless the Court does not approve the Proposed Sale.

12.  **The Proposed Sale of the Estate's right, title and interest in the Real Properties is "AS-IS, WHERE-IS," with no representations or warranties of any type, express or implied, being given by the Trustee or his professionals, and subject to**

---

[1] The sale subject of this Motion shall be referred to as the "Proposed Sale."

**any and all liens, claims, encumbrances, interests and defenses, whether known or unknown. In addition, the Proposed Buyer represents and warrants to the Trustee that it: (a) has had the opportunity to conduct its own due diligence prior to making the Offer; and (b) has not relied upon any information or documentation provided by the Trustee or the Trustee's employees, agents, representatives or professionals, in making the Offer.**

13.   The Trustee asserts that the Offer is the only viable way to monetize the Estate's right, title and interest in the Property and thus, the Trustee asserts that the Proposed Sale to the Proposer Buyer, or a higher bidder, is in the best interest of this Estate and its creditors.

### IV.  Requested Relief

14.   Accordingly, the Trustee requests this Court approve the Proposed Sale outside of the ordinary court of business, pursuant to 11 U.S.C. § 363(b), which states: "[t]he Trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary court of business, property of the estate."

15.   The Trustee shall convey the Estate's right, title and interest in the Real Properties by Trustee's Quit Claim Deed, and: (a) an executed Trustee's Quit Claim Deed; and (b) a certified copy of the order granting the instant Motion and approving the Proposed Sale, shall be the only documents the Trustee is required to deliver to the Proposed Buyer to consummate the Proposed Sale.

16.   The Proposed Buyer, or successful bidder, shall be responsible for the payment of any and all fees and taxes imposed by any governmental agency arising from or relating to the Proposed Sale, including but not limited to sales tax, documentary stamp tax and recording fees.  If the Proposed Buyer, or successful bidder, fails to pay the fees and taxes imposed by any governmental agency arising from or relating to the Proposed Sale,

4

the Trustee requests authority to impose fees and costs associated with Trustee's efforts to force the Proposed Buyer, or the successful bidder, to pay said governmental fees and taxes, including but not limited to the payment of appropriate documentary stamp taxes.

**Distribution of Net Proceeds with Co-Owner**

17.     As detailed above, the Real Properties are jointly owned by Viyella and the Debtor Wife, and as a result, the Trustee asserts that the Estate possesses a fifty percent (50%) interest in the Real Properties.

18.     According, the Trustee seeks authority to pay Viyella, at closing, fifty percent (50%) of the net proceeds from the Proposed Sale.

19.     Further, since Viyella has consented to the sale of the Real Properties, the necessity for filing an adversary under 11 U.S.C. § 363(h) or Fed. R. Bankr. P. 7001(3) is waived. Viyella has also agreed to execute any and all documents necessary to transfer title of the Real Properties to the Proposed Buyer or successful bidder.

**Sound Business Purpose**

20.     With respect to satisfying the elements of the "sound business purpose" test,[2] for the reasons set forth herein, the Trustee asserts that the Proposed Sale of the Estate's right, title and interest in the Real Properties to the Proposed Buyer, or a higher bidder, is the only way to monetize the Estate's right, title and interest in the Real Properties.  In addition, creditors and other parties in interest will receive accurate and reasonable notice of the terms of the Proposed Sale through this Motion, and will have the opportunity to make higher and better offers.

**Consideration of Competing Bids**

21.     Pursuant to 11 U.S.C. § 363, the Proposed Sale is subject to higher and better offers.

---

[2] See *In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986).

22. At the hearing on this Motion (the "Sale Hearing"), the Court shall select the highest and best offer for the purchase of the Estate's right, title and interest in the Real Properties, after considering the recommendations of the Trustee and other interested parties.

**Requested Bid Procedures**

23. Any party wishing to submit a higher and better offer for the Estate's right, title and interest in the Real Properties shall be required to: (a) submit a written offer to the Trustee no later than five (5) business days prior to the Sale Hearing; and (b) tender a $5,000.00 non-refundable[3] bid deposit, in cleared funds to the Trustee, no later than five (5) business days prior to the Sale Hearing, and any offer must be at least $1,000.00 higher than the Proposed Buyer's Offer. The Trustee recommends that the bidding be conducted at the Sale Hearing in $1,000.00 increments. Additionally, subject to this Court's approval, in the event that the Proposed Buyer is not the successful bidder, the Trustee seeks authority to pay a $2,500.00 break-up fee to the Proposed Buyer, to be paid from the sale proceeds at closing.

24. Further, unless otherwise ordered by this Court, any successful bidder other than the Proposed Buyer must confirm on the record at the Sale Hearing that it is willing to purchase the Estate's right, title and interest in the Real Properties on the terms and conditions set forth in this Motion, and be ready, willing, and able to close within three (3) business days after of entry of the Approval Order.

**Closing**

25. The Trustee seeks authority to close on the sale of the Estate's right, title and interest in the Real Properties immediately upon Court approval, with the Proposed Buyer or the successful bidder, required to pay the Purchase Price within three (3) business days

---

[3] In the event that the bidder is not the successful bidder or the Back-up Bidder, the deposit shall be refunded.

of entry of the Approval Order. If the Proposed Buyer, or the successful bidder, fails to timely close, the Trustee seeks authority to close the sale transaction with the next highest bidder (the "Back-up Bidder"). The Back-up Bidder shall similarly be required to close within three (3) business days of notification by the Trustee of the successful bidder's failure to close.

26. In addition, the Trustee seeks authority to execute any and all documents he deems reasonable, necessary and/or desirable to effectuate the sale and transfer of the Estate's right, title and interest in the Real Properties to the Proposer Buyer or the successful bidder.

27. Further, because, among other things, the Trustee has no evidence that the Real Properties are insured, the Trustee requests that this Court waive the 14 day stay period pursuant to Rule 6004(h), and allow the Trustee to close on the Proposed Sale immediately upon entry of the Approval Order.

28. Finally, the Trustee requests that the Approval Order vest this Court with exclusive jurisdiction to: (a) interpret; (b) implement; (c) enforce; and (d) resolve, any and all disputes, claims or controversies arising from or related to the: (i) Proposed Sale; (ii) relief sought in this Motion; and (iii) relief authorized by the Approval Order.

29. As stated above, the Proposed Buyer and Viyella have reviewed this Motion prior to its filing and agree to the terms and conditions set forth herein.

**Good Faith Finding**

30. Because the Trustee and the Proposed Buyer have acted in good faith, the Trustee believes that the Proposed Buyer, or the successful bidder, is entitled to the protections of a good faith purchaser under 11 U.S.C. § 363(m).

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate Ronny A. Gonzalez and Sylvia M. Viyella, respectfully requests this Honorable Court enter an

Order: (1) granting the instant Motion; (2) approving the Proposed Sale to the Proposed Buyer or a higher and better bidder on the terms and conditions set forth herein; (3) waiving the 14 day stay period pursuant to Rule 6004(h) in the event that the instant Sale Motion is granted; (4) authorizing the Trustee to execute any and all documents he deems reasonable and necessary to effectuate the Proposed Sale; (5) authorizing and directing the Debtors and Viyella to execute any and all documents and to take all actions the Trustee deems reasonable, necessary or desirable to effectuate the Proposed Sale and transfer of the Real Properties to the Proposed Buyer or the successful bidder; (6) authorizing the Trustee to pay Viyella fifty percent of the net proceeds from the Proposed Sale; and (7) granting such other and further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 23, 2015, a true and correct copy of the foregoing was served via electronic transmission or U.S. Mail to all parties on the attached service list.

Respectfully submitted,

/s/ Joel L. Tabas
Joel L. Tabas
Fla. Bar No. 516902
Tabas, Freedman & Soloff, P.A.
Attorneys for Trustee, Joel L. Tabas
One Flagler Building
14 Northeast First Avenue - Penthouse
Miami, Florida 33132
Telephone:  (305) 375-8171
Facsimile:  (305) 381-7708
E-mail: jtabas@tabasfreedman.com

American Express
POB 650448
Dallas, TX 75265-0448

American Express Bank, FSB
c/o Zwicker & Associates, PC
10550 Deerwood Park Blvd, #300
Jacksonville, FL 32256-2805

At&T
P.O. BOX 105262
Atlanta, GA 30348-5262

Atlas Acquisitions,LLC
294 Union St.
Hackensack, NJ 07601-4303

Banco Popular de Puerto Rico
POB 363228
San Juan, PR 00936-3228

Chase Bank
POB 78420
Phoenix, AZ 85062-8420

Citibank
P.O. BOX 6500
Sioux Falls, SD 57117-6500

Citibank, N.A.
c/o Rubin & Debski, P.A.
POB 47718
Jacksonville, FL 32247-7718

Dadeland Dermatology/David Rodriguez MD
7400 SW 88th Street
Miami, FL 33156-7713

~~Eduardo Gonzalez-Hernandez MD~~
~~7300 N Kendall Drive~~
~~Miami, FL 33156-7840~~

Florida Department of Revenue
POB 8045
Tallahassee, FL 32314-8045

GECRB/Care Credit
P.O. Box 960061
Orlando, FL 32896-0061

Gabriel Deschamps, P.A.
2735 Ponce De Leon Boulevard
Coral Gables, FL 33134-6004

IRS Department of the Tresury
Internal Revenue Services
POB 7346
Philadelphia, PA 19101-7346

Lima Rios Marrero, P.A.
815 NW 57th Avenue
Miami, FL 33126-2042

Miami Children's Hospital
P.O. BOX 862192
Orlando, FL 32886-2192

~~Miami Dade County~~
~~Animal Services Dept.~~
~~140 West Flagler Street Suite 105~~
~~Miami, FL 33130-1559~~

~~Nordstrom Bank~~
~~P.O. BOX 9134~~
~~Phoenix, AZ 85068-9134~~

Robert Sanchez Esq
355 W 49 St.
Hialeah, FL 33012-3715

**Ronny A Gonzalez**
**33 Malaga Avenue**
**Coral Gables, FL 33134-6905**

Rooms to Go
P.O. BOX 183041
Columbus, OH 43218-3041

Rubin & Debski, P.A.
P.O. BOX 47718
Jacksonville, FL 32247-7718

Santander Consumer USA
POB 660633
Dallas, TX 75266-0633

Scottsdale Insurance
8877 N Gainey Center Drive
Scottsdale, AZ 85258-2108

Sylvia M Viyella
33 Malaga Avenue
Coral Gables, FL 33134-6905

~~The Home Depot~~
~~P.O. BOX 689100~~
~~Des Moines, IA 50368~~

Urology Specialty Group
c/o Dr. Joseph L Esposito MD
2931 Coral Way
Miami, FL 33145-3205

Volkswagen Credit
POB 5215
Carol Stream, IL 60197-5215

Wells Fargo
POB 30086
Los Angeles, CA 90030-0086

Wells Fargo
POB 660455
Dallas, TX 75266-0455

Wells Fargo
POB 660930
Dallas, TX 75266-0930